**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANTHONY GOMEZ,<br>    Appellant, | DOCKET NUMBER<br>NY-1221-17-0105-B-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE: October 23, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alan E. Wolin, Esquire, Jericho, New York, for the appellant.

Timothy O'Boyle, Esquire, Hampton, Virginia, for the agency.

Jane Yoon, Esquire, Brooklyn, New York, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the remand initial decision, which found that the appellant did not establish jurisdiction over a claim that the Board remanded for further adjudication.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify that the claims addressed in the initial decision are denied on the merits while the additional claim remanded for further adjudication is dismissed for lack of jurisdiction, we AFFIRM the initial decision.

¶2 In an initial decision, the administrative judge first assigned to this individual right of action appeal denied the appellant's request for corrective action, on the merits, regarding two specific claims. *Gomez v. Department of Veterans Affairs*, MSPB Docket No. NY-1221-17-0105-W-1, Initial Decision (ID). The first concerned allegations of reprisal for disclosures about the agency's filling of an Administrative Officer vacancy. ID at 6-9. The second concerned allegations of reprisal for his filing of a grievance. ID at 9-10. On review, the Board agreed with those findings. *Gomez v. Department of Veterans Affairs*, MSPB Docket No. NY-1221-17-0105-W-1, Remand Order (RO), ¶¶ 4-10 (July 24, 2023). However, the Board remanded the appeal for consideration of another alleged disclosure not addressed in the initial decision, i.e., one about the agency's filling of a Lead Facility Telehealth Coordinator (FTC) vacancy. RO, ¶¶ 11-16.

¶3 On remand, a newly assigned administrative judge instructed the appellant to establish jurisdiction over this remanded claim by presenting nonfrivolous

allegations that he made a disclosure protected under section 2302(b)(8). *Gomez v. Department of Veterans Affairs*, MSPB Docket No. NY-1221-17-0105-B-1, Remand File (RF), Tab 6. The appellant responded, arguing that the issue had already been decided in his favor. RF, Tab 9 at 8-11. In the alternative, he argued that the Board did have jurisdiction over the alleged disclosure. *Id.* at 11-19. The administrative judge issued a remand initial decision finding otherwise. RF, Tab 12, Remand Initial Decision (RID) at 5-13.

¶4 In his remand petition for review, the appellant presents the same arguments he presented below, with only slight inconsequential differences. *Compare* RF, Tab 9 at 8-20, *with Gomez v. Department of Veterans Affairs*, MSPB Docket No. NY-1221-17-0105-B-1, Remand Petition for Review (RPFR) File, Tab 1 at 11-22. He reasserts that jurisdiction over the remanded claim was already decided in his favor or that the Board does have jurisdiction over the matter. RPFR File, Tab 1 at 11-22. We are not persuaded by these arguments.[2]

¶5 Although we do not find any basis for granting the appellant's remand petition for review, we modify the remand initial decision in one respect. The Board's prior remand order vacated the initial decision but invited the administrative judge to incorporate the associated findings into a remand initial decision that would address the one unaddressed claim. RO, ¶ 15. The newly assigned administrative judge stated that she was doing so in the remand initial

---

[2] In analyzing whether the appellant nonfrivolously alleged that he disclosed an abuse of authority, the administrative judge applied the standard historically used by the Board; under that standard, an abuse of authority is an arbitrary and capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to himself or to other preferred persons. RID at 9 (citing *Chavez v. Department of Agriculture*, 120 M.S.P.R. 285, ¶ 22 (2013)). However, in *Smolinski v. Merit Systems Protection Board*, 23 F.4th 1345, 1351-52 (Fed. Cir. 2022), the U.S. Court of Appeals for the Federal Circuit defined an abuse of authority more broadly as an arbitrary and capricious exercise of authority that is contrary to the agency's mission. We have considered the appellant's additional disclosure under the standard set forth in *Smolinski*, and we still find that he failed to nonfrivolously allege that he disclosed an abuse of authority regarding the Lead FTC vacancy. Thus, the result is the same under either standard.

decision. RID at 2. However, she further described the remand initial decision as one dismissing the appeal, rather than just the remanded claim, for lack of jurisdiction. RID at 2, 13. To clarify, the sum of these proceedings is as follows: The Board denies the appellant's request for corrective action, on the merits, regarding alleged disclosures about the Administrative Officer vacancy and alleged grievance activity. ID at 6-10; RO, ¶¶ 4-10, 15; RID at 2. The Board dismisses the appellant's other alleged disclosure, about the Lead FTC vacancy, for lack of jurisdiction. RID at 5-13.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:    _____

            Gina K. Grippando
            Clerk of the Board

Washington, D.C.